## ALFRED BURNHAM v, RICHARD JENNESS.

### Trespass and Case. Obstructing Way. Evidence. Exemplary Damages.

1. The plaintiff without right piled his wood on the defendant's land. The question was, whether the defendant removed it in a reasonable manner; and it was held proper to show how, and where the defendant removed it,—that he piled it across a pathway on the plaintiff's land.
2. It was proper to prove the defendant's declarations, that he removed the wood to be mean, but was then willing to do what was right about it.
3. Also, that the defendant obstructed the plaintiff's way by digging a ditch and turning water into it, as this was alleged in the declaration; and, also, that the ditch was not made nor authorized by the highway surveyor, as a part of it was in the highway.
4. Though the charge was erroneous, if it is certain that no injury resulted from it, the judgment will not be reversed.
5. The court properly told the jury that the defendant had a right to remove the wood, causing the plaintiff no unreasonable damage.
6. In an action of trespass with a count in case, exemplary damages are recoverable, though $3 were included in the special verdict for an act found not to have been done maliciously; and, as the court disallowed $3 in rendering judgment, it will be presumed to have been that $3.

TRIAL by jury, December Term, 1880, Caledonia County, Ross, J., presiding ; and verdict for the plaintiff.

This was an action of trespass and case for obstructing plaintiff's right of way across defendant's door-yard to and from plaintiff's carding-mill and shingle-mill, and for obstructing plaintiff's right to pile wood and timber in defendant's door-yard, near his said shingle-mill, and for removing plaintiff's wood from said land.

The court charged as to exemplary damages :

The exemplary damages depend upon whether you find that the defendant has acted maliciously or with wanton disregard of the rights of this plaintiff. If the defendant was acting in what he considered to be his right honestly—his honest rights—acting honestly in the assertion of what he supposed to be his rights in building the fence, turning the water, and all these things, then there would be no occasion for any exemplary damages. Because where a man is honestly asserting what he honestly thinks to be his right, there is no evil purpose or malice or wanton disregard of the rights of others entering into his act. This class of damage is to be governed by the amount of malice, unlawful purpose, that you find a man had in his own mind which actuated him, knowing that he was doing a wrong. This is not as a right of the plaintiff, but by way of punishment to the defendant.

The jury found the following special verdict :

And the jury, further upon their oaths, make answer as follows, upon the following interrogatories:

Int. Were the two ways, one from Sutton way and the other from Wheelock and Sheffield way, both impressed upon the premises at the time of the deed of Samuel and Harriet Densmore to William Densmore, August 2, 1853 ? Ans. Yes.

Int. Were the two ways necessary to the reasonable use and enjoyment of the starch mill or factory, one half of which was reserved in said deed ? Ans. No.

Int. Did the parties to said deed understand and intend that both of said ways should be used for access to and egress from said starch factory, and if not both, which one ? Ans. One nearest the bridge or highway leading to Sutton Corner.

Int. Did the reasonable enjoyment and use of the property require that the way or ways reserved should be kept open ? Ans. Yes.

Int. Was it the purpose and intention of the parties to said deed that the way or ways to said shop should be and remain open ? Ans. Yes.

Int. How much damage has the plaintiff sustained by fencing up the way toward Sutton ? Ans. $5.

Int. How much damage has he sustained by fencing up the way towards Wheelock and Sheffield ? Ans. None.

18

Int. How much damage has the plaintiff sustained by the unnecessary destruction or loss of his wood ? Ans. $1.

Int. Did the defendant turn the water from his water-trough in his barn-yard into the new ditch for the purpose of creating and keeping up a mud-hole at the bar way, to the injury of the plaintiff ? Ans. No.

Int. How much damage has the plaintiff sustained by reason of said mud-hole ? Ans. $3.

Int. How much exemplary damage do you include in your verdict for the plaintiff ? Ans. $18.

The other facts are sufficiently stated in the opinion.

*H. C. Bates*, for the defendant, cited 'on the question of exemplary damages, 49 Vt. 80 ; 27 Ib. 505.

*William W. Grout*, for the plaintiff.

The opinion of the court was delivered by

TAFT, J. This was an action for obstructing a right of way across defendant's door-yard, a right to pile wood therein, and for removing the wood.

I. The plaintiff piled wood on the defendant's land, and the defendant removed it to the plaintiff's premises. The plaintiff was permitted to show that the defendant in removing it, piled it in a pathway across his, the plaintiff's, premises. This the defendant insists was error. The court held that the plaintiff had no right to pile his wood on the defendant's land, and that defendant might lawfully remove it, but in a manner to do the plaintiff no unreasonable or unnecessary damage. Some was removed to the pathway referred to, and some elsewhere. The question was left to the jury, whether the wood was removed to an unreasonable place or not. We think the testimony objected to, was pertinent to that issue ; it had direct reference to the question of where the defendant put the wood, and the character of the place where it was put ; it bore directly upon that point, and although no claim was made that in that place it was unnecessarily exposed, the question of where it was placed, and how much was placed there, were material, and the evidence we think was properly admitted.

II.  The plaintiff testified that the defendant stated to him the reasons why he removed the wood ; that he did it to be mean, but was then willing to do what was right about it.  This testimony the defendant objected to.  We think it was admissible ; it was an admission of the defendant touching the question of his right to remove the wood, and the manner of his doing it, and we know of no rule of evidence that would exclude it.  The questions then at issue were, the right to remove the wood, and whether it was done in a reasonable manner, and put in proper places ; we think it competent to prove the declarations and admissions of the party in relation to it.  He put some of the wood over the river bank where it went on to the ice, and exemplary damages were claimed, and that question might be seriously affected by the fact of whether the defendant was doing what he did, simply to be mean, and acting maliciously ; or in the exercise of his supposed rights, in good faith.

III.  It is alleged in the declaration that the defendant obstructed the way by digging a ditch and turning a stream of water into it in such a manner as to make a deep mud-hole in the way ; and the admission of evidence to prove such facts, is excepted to. The court think it was competent to prove the facts alleged, and also that the highway surveyor did not make or authorize the obstruction, a part of it being in the highway, it might well be presumed, in the absence of proof, that the surveyor had caused the obstruction.  The whole testimony had a tendency to show who did cause it, and was therefore relevant.

IV.  Another exception relates to the charge as to the word, ways, in the deed from Samuel Densmore.  The court held that under the deed the plaintiff had a right to both ways, if at the time of the reservation, both were impressed upon the soil, and were in use.  The jury found by the special verdict that the Sutton way was the one that the parties understood was reserved in the deed, and they purposed and intended to keep that way open, and damages were returned for obstructing that way only.  The fact is established that the Sutton way is the one reserved under

the deed. As no damages were returned for obstructing the Wheelock way, it becomes unnecessary to pass upon the construction of the deed, by the court below, for if the ruling had been different, viz. that the plaintiff had no right to the Wheelock way, as no damages were given for obstructing that way, it would have produced the same result, and the judgment should not, for such error, be reversed. *Burnell* v. *Maloney*, 39 Vt. 579.

V. The defendant further excepted to the charge of the court in regard to his liability for removing the wood. The plaintiff without right had put his wood on the defendant's land. The jury were told that the defendant had a right to remove it, but that if he did so, he should do it, causing the plaintiff no unreasonable or unnecessary damage. There was no error in so ruling.

VI. The jury found three dollars damages by reason of the obstruction by the mud-hole, caused by turning the water into the ditch dug by the defendant. It is true the jury found that he did not turn the water into the ditch for the purpose of creating the mud-hole ; but it resulted from it; and we see no reason why his liability was not the same as though he intended it. The court rendered judgment with damages, three dollars less than the sum found by the verdict. It is not stated whether the sum deducted was the damages caused by the mud-hole ; but we think it may fairly be presumed, as that was the only item of that sum in the verdict. The defendant excepted to the judgment upon the ground that it included exemplary damages on matters for which the plaintiff was not entitled to recover. We see no reason why judgment was not entered for all the damages returned by the verdict. We think the plaintiff was entitled to them ; but no exception was taken, and the judgment in that respect cannot be disturbed. If the plaintiff was entitled to the damages on account of the mud-hole, and they were omitted from the judgment, there is no reason why the judgment for exemplary damages should be disturbed. If there is no presumption that the sum deducted was the mud-hole damage, then it does not appear but that it was a portion of the exemplary damages, which would not be an error

of which the defendant can complain, and it is incumbent upon the excepting party to establish error in order to obtain a reversal of the judgment.   He does not do it, therefore let the judgment be affirmed.