## JOSEPH ELLIS *v.* GEORGE W. CLEVELAND.

### *Evidence.   Damages.*

1. A party cannot introduce his own sayings as evidence in his own favor, as a rule; thus, in an action for false imprisonment, the question being whether the p'aintiff consented to be imprisoned in another county than the one in which he was arrested, what he said to a third party, while in the custody of the officer, as to the cause of his arrest, and where he was to be taken, is not admissible.
2. In an action for fa'se imprisonment, where the on'y claim against the officer was, that the plaintiff was imprisoned in another county than where he was arrested, testimony as to the miscarriage of the wife and the expense of doctoring her c'aimed to have been caused by her husband's arrest,—is not admissible.

TRESPASS for false imprisonment, brought against the defendant and one Perrigo, since deceased. Pleas, general issue, and justification as servant of said Perrigo, an officer, in serving legal process. Replication, *de injuria.* Trial by jury, December Term, 1882, TAFT, J., presiding. Verdict for the plaintiff. The history of the case is given in 54th Vt. 437. The plaintiff was arrested in Windsor County, and imprisoned in the jail in Orange County. The question was, whether the plaintiff consented and requested to be taken to the jail in Orange County,—the plaintiff contending that he did not, and the defendant that he did. The third question and answer in Kezer's deposition were as follows :

"Q.   State whether he (Joseph Ellis) came to your mill in custody of an officer, or in company with a person whom he represented to be an officer, if so when, and what conversation took place in the presence of such third person?   State fully.

"A.   Ellis came down to the mill with the person I took to be an officer, after 6 P. M., and said he should want some money for his family; that parties had come over from Chelsea to carry him over there to settle for some property he had borrowed. I asked him why he didn't give up the property; he said that they refused to take the property, but offered to settle for $15. I told Ellis that I didn't believe but what there was something more to it; he said that there wasn't, but that borrowed property was all they were after him for. The officer was right there, and I asked him if this borrowed property was what they were going to carry Ellis to Chelsea for to settle. He said that was all they had against him that he knew anything about."

The whole deposition was admitted, and the defendant excepted. The plaintiff declared specially for damages " for the care and curing of his wife," and was allowed to show that she was made ill by his arrest, suffered a miscarriage, and was seriously ill for some time following the arrest ; to which defendant excepted.

*Hunton & Stickney*, for the defendant, cited on the question of damages, *Holloway* v. *Turner*, 6 Q. B. 928 ; *Phillips* v. *Dickerson*, 85 Ill. 11 ; *Flint* v. *Bruce*, 68 Me. 183 ; and that the evidence was not admissible, Whart. Ev. s. 1204 ; *Jenne* v. *Joslyn*, 41 Vt. 484 ; *State* v. *Thibeau*, 30 Vt. 100.

*William H. Bliss* and *J. J. Wilson*, for the plaintiff, cited on the question of damages, *Walden* v. *Clark*, 50 Vt. 383 ; *Dix* v. *Brooks*, 1 Stra. 61 ; 2 Chit. Pl. 850 ; and that the evidence was admissible, *State* v. *Humphrey*, 32 Vt. 569 ; 1 Greenl. Ev. s. 111 ; *U. S.* v. *Gooding*, 12 Wheat. 460 ; *Lamb* v. *Day*, 8 Vt. 411 ; *Mason* v. *Gray*, 36 Vt. 308 ; *Austin* v. *Chittenden*, 33 Vt. 553 ; *Tillotson* v. *McCrillis*, 11 Vt. 477.

The opinion of the court was delivered by

ROWELL, J. The third question and the answer thereto in Kezer's deposition were improperly admitted. It was, in effect, allowing the plaintiff to introduce his own sayings in his own favor, which a party cannot do, except in certain cases, of which this is not one.

There was also error in the admission of the testimony as to the wife's miscarriage and the expense of doctoring her consequent thereon. Such a result as her miscarriage was not such a natural and proximate consequence of the act complained of as to impose liability in this action by reason thereof. *Phillips* v. *Dickerson*, 85 Ill. 11. In cases of tort, it is necessary for the party complaining to show that the particular damages in respect of which he proceeds, are the legal and natural consequence of the wrongful act imputed to the defendant. Sedgw. Dam. (6th Ed.) 92. In *Huxley* v. *Berg*, 1 Stark. 98, which was trespass for breaking

and entering plaintiff's dwelling-house and for a battery, the plaintiff was allowed to give in evidence that his wife was so terrified by the conduct of the defendant that she was immediately taken sick, and soon thereafter died ; but this was held to be admissible for the purpose only of showing how outrageous and violent the breaking, etc., was, and not as a substantive ground of damages.                                    Reversed and remanded.