FRED. M. KNIGHT & WIFE *v.* GEO. A. SMYTHE.

*Assault and Battery.    Evidence.    Practice.    Charge.*
*Damages.*

1.  In an action for assault, it is proper to inquire of an unprofessional witness how the assaulted party appeared after the affray; and the answer, " She seemed to be in great pain in her head and back," was also admissible.
2.  It was error to exclude evidence showing that the plaintiff was domineering, turbulent, and quarrelsome, and that this was known to the defendant who offered it.
3.  The rule excluding admissible evidence when offered with inadmissible, requires that the offer be clearly entire.
4.  EXCEPTIONS. PRACTICE. The excepting party must show apparent error. Counsel cannot except to an entire charge; they should specify the points in the charge, or in the omission to charge, which they except to, and immediately call the attention of the court to any claimed error; hence, when the exceptions show, that the court correctly charged as to the general rule for damages, and counsel made no requests, it cannot be successfully claimed that the court did not sufficiently specify as to what damages could be recovered; as, for anything that appears, it may have so charged.

TRESPASS.    Plea, general issue with notice.    Trial by jury, September Term, 1884, TAFT, J., presiding.    Verdict and judgment for the plaintiff.

To an unprofessional witness, introduced by the plaintiffs, their attorney put this question: " How did Mrs. Knight appear after the affray with the defendant? "   This was objected to by the defendant, but the objection was overruled, and the witness answered that she seemed to be in great pain in her head and back.    This was at a time very soon after the affray.    After this question had been so put and answered, the plaintiffs' attorney said that he waived the question and answer.

The exceptions showed that the court charged as to damages:

" That if they should find, under the instructions of the court relative to the rules of law applicable to the case, that the

plaintiffs were entitled to recover, they were entitled to a verdict for all the actual damages which the female plaintiff had suffered, mentally and physically, as the result of the injuries caused by the defendant's acts; all that she had or might thereafter suffer. And that if the defendant was prompted by malice to do what he did on the occasion in question, the jury would be justified in allowing more than the actual damages resulting from Mrs. Knight's injury, viz.: exemplary damages, properly explaining what was meant by the term."

*E. R. Hard,* for the defendant.

The question to the unprofessional witness, and his answer, as to how Mrs. Knight appeared, were inadmissible. *Mon. Water Co.* v. *Stewarton,* 96 Penn. St. 436. It was error to exclude the evidence offered to show that the female plaintiff was domineering, turbulent, and quarrelsome. *Harrison* v. *Harrison,* 43 Vt. 417; *State* v. *Meader,* 47 Vt. 78; *State* v. *Lull,* 48 Vt. 581. The charge was not sufficiently specific as to damages. 18 Reporter, 252.

*H. Ballard* and *J. J. Enright,* for the plaintiffs.

There was no error as to the admission or exclusion of evidence. *Traverse* v. *State,* 16 Wis.; Hill. Torts, 310; *Bruce* v. *Priest,* 3 Allen, 100; Sedg. Dam. 589; *Willis* v. *Forest,* 2 Duer, 310; 5 Allen, 100.

The opinion of the court was delivered by

ROYCE, Ch. J.   This was an action of trespass for assault and battery upon the female plaintiff; and the first exception taken was to allowing the plaintiff to inquire of an unprofessional witness how she appeared after the affray with the defendant.

The question was not one that required the aid of professional skill to qualify the witness to answer. Evidence of the appearance of a party claiming to have been injured is admissible as explanatory of the nature and extent of the injury; and all that is required to qualify a witness

to testify concerning the same is, that he should have so observed the party as to be able to determine what his appearance was. The weight to be given to the testimony of such a witness must depend largely upon his intelligence and the extent and character of the observations made by him. But such evidence, we understand, has always been held to be admissible. In *Earl & Wife* v. *Tupper,* 45 Vt. 275, which was an action of trespass for an assault and battery upon the wife, the plaintiff was allowed to show by an unprofessional witness, that she saw Mrs. Earl a few days after the affray and examined her person; and she described the injuries that she observed, and testified that Mrs. Earl complained of her right side troubling her. In *City of Shawneetown* v. *Mason,* 82 Ill. 337, where the physical condition of a party was in dispute, the opinion of an ordinary witness as to his appearance was admitted; in *Wilkinson* v. *Moseley,* 30 Ala. 562, the opinion of such a witness, that he appeared sick, was admitted; and in *Railroad Co.* v. *McLendon,* 63 Ala. 266, testimony that the party was suffering and looked bad, was admitted. There was no error in permitting the question to be put and answered.

The second exception was to the refusal of the court to allow the defendant to show, that the female plaintiff was a domineering, turbulent, and quarrelsome woman, and that when she had formed a purpose or determination, it was useless to oppose her or attempt to reason with her; and that this was known to the defendant prior to the affray. The testimony of the defendant previously given tended to show, that she commenced the affray, and that he used no violence towards her except what was necessary for his defence. There can be no doubt that evidence of that character is admissible. *Harrison* v. *Harrison,* 43 Vt. 417; *State* v. *Meader,* 47 Vt. 78; *State* v. *Lull,* 48 Vt. 581. The force that a party may use when assailed, in repelling the assault and protecting his person, is largely influenced by his knowledge of the character of the assailant. But, it is claimed,

that the offer was so connected with the offer of inadmissible evidence as to constitute but one offer, and, inasmuch as a portion of the evidence embraced in the offer was inadmissible, the court was justified in excluding all of it. We do not so understand the exceptions. The natural and grammatical construction of what there appears, is, that the offer of the inadmissible evidence, which was properly excluded, was distinct from and not connected with the offer of the admissible evidence; hence, it was error to exclude it.

The reason assigned for excluding all of the evidence embraced in an entire offer, where a part is admissible and a part not, is, that it is not the duty of the court to select that which is admissible; and that it is the duty of counsel to so state their offers as to relieve the court from such a necessity. But to bring an offer within that rule, it should clearly appear that it was entire. It would more often subserve the ends of justice where such an offer has been inadvertently made for the court to remind counsel of the respect in which it is improper, and allow its amendment, than to exclude it and thus deprive a party of the benefit of evidence which, if properly offered, would be admissible.

The third exception was to that portion of the charge detailed in the exceptions. It does not appear that any requests were made by counsel for defendant concerning the charge to be given by the court; and the error complained of is, that the court omitted to specify and particularize the damages which the plaintiffs might recover. Every reasonable intendment is to be made in favor of the judgment; and it is for errors that appear upon the exceptions that judgments are to be reversed; and it is incumbent upon the excepting party to show such errors. *Armstrong* v. *Noble,* 55 Vt. 428; *Burnham* v. *Jenness,* 54 Vt. 272.

There is no apparent error in that part of the charge to which exception was taken. The general rule of law applicable to the case was properly stated. The error com-

plained of was one of omission; and for anything that appears the court, in that part of the charge which was not excepted to, may have charged fully and satisfactorily upon the matters about which nothing appears to have been said in the part that was excepted to. In *Goodwin* v. *Perkins*, 39 Vt. 598, it is said, that counsel should always be required to specify the particular points in the charge, or in the omission to charge, to which they take exceptions. The attention of the court should be immediately called to any error that is claimed to have been committed in this respect before the jury leave their seats. To allow an exception to the entire charge in such a case would be to make the exception a trap, to be sprung upon the court and the opposite party.

For the error in excluding the evidence offered, the judgment is reversed and cause remanded.