JAMES BROWN *vs.* THE TOWN OF MOUNT HOLLY.

January Term, 1897.

Present: ROSS, C. J., TAFT, TYLER, MUNSON and START, JJ.

*Defect in Highway—Duty of Town—Complaints of Suffering Admissible.*

Towns are not liable, absolutely and without regard to their own negligence, for injuries occasioned by the insufficiency and want of repair of their bridges and culverts.

When an accident occurs through a latent defect in a highway, the question arises, whether the town was at fault in not foreseeing and guarding against the defect, or in not learning of and repairing it before the accident; and these questions should be submitted to the jury.

Complaints of present suffering, to be admissible, need not have been made to a nurse or a physician.

CASE for injury through a defect in a highway. Plea, the general issue. Trial by jury at the September Term, 1896, Rutland County, *Rowell,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The accident occurred on Tuesday. The defendant requested the court to charge, "that if the culvert was suitably built, and remained apparently safe and secure, and there was no apparent change in its condition before the accident, and the accident was occasioned by the parting of the stones covering the culvert, then the defect would be

latent and the town not liable, and that this would be true although the hole was there a few hours before the accident, or even the Sunday night before, unless the jury should find that by due diligence the town ought to have known of the defect; that the town is chargeable only with the care and prudence of an ordinarily prudent man." The court refused to charge as requested, but charged that the town's liability was not to be measured by ordinary care and prudence; that the statute imposed upon it the duty of keeping the culvert in good and sufficient repair, and if it had neglected that duty and the culvert was insufficient and out of repair, it was liable, if the plaintiff's case was otherwise made out, whether it knew of the defect or not and whether it was, or not, negligent in not knowing it. To this refusal and charge the defendant excepted.

*W. H. Lord* and *G. E. Lawrence* for the defendant.

The court erred in refusing to charge as requested and in the charge as given. *Mullen* v. *Rutland*, 55 Vt. 77; *Ozier* v. *Hinesburgh*, 44 Vt. 220; *Prindle* v. *Fletcher*, 39 Vt. 255.

The court erred in permitting the plaintiff's sons to testify to his complaints. Complaints of suffering made at the time of the injury have been admitted as part of the *res gestae*. Complaints to a physician, as the basis for a prescription, have also been admitted, though made afterwards. There have been cases also where the nurse has been permitted to testify to complaints made by her patient. But we submit that the present case does not fall within the rule governing these cases.

*W. W. Stickney, J. G. Sargent* and *H. W. Parker* for the plaintiff.

The evidence of complaints was admissible. *Aveson* v. *Kinnaird*, 6 East. 188; *Ins. Co.* v. *Mosley*, 8 Wall. 397: I Green. Ev. § 102; *State* v. *Howard*, 32 Vt. 380; *Kent* v. *Lincoln*, 32 Vt. 591; *Earl* v. *Tupper*, 45 Vt. 275; *Hathaway* v. *Ins. Co.*, 48 Vt. 335; *Knox* v. *Wheelock*, 54 Vt. 150; *Drew* v. *Sutton*, 55 Vt. 586; *State* v. *Fournier*, 68 Vt. 262.

The court correctly refused to charge as requested. This was not a latent defect for it might have been discovered by examination. *Prindle* v. *Fletcher*, 39 Vt. 255; *Furnell* v. *St. Paul*, 20 Minn. 117; *Rapho* v. *Moore*, 68 Pa. 404; Elliott, Roads and Streets, 462.

The town's duty is not limited to the prudence of an ordinarily prudent man. V. S. 3432, 3490; *Howe* v. *Castleton*, 25 Vt. 162; *Prindle* v. *Fletcher*, 39 Vt. 255; *Hodge* v. *Bennington*, 43 Vt. 450; *Horton* v. *Ipswich*, 12 Cush. 488; *George* v. *Haverhill*, 110 Mass. 506; *Bodwell* v. *North Andover*, 110 Mass. 511, note; II Shear. & Red. Neg. § 337; II Dill. Mun. Corp. § 1000.

The court correctly charged that the town was liable, if the plaintiff's case was otherwise made out, whether it was, or not, negligent in not knowing it. *Bardwell* v. *Jamaica*, 15 Vt. 438; *Chapman* v. *Milton*, 31 W. Va. 384; *Boucher* v. *New Haven*, 40 Conn. 456; II Beach, Pub. Corp. § 1523; II Shear. & Red. Neg. § 337, 338.

The cases which maintain the doctrine that the town must be found guilty of negligence, belong to those jurisdictions which hold the town subject to a common law duty; but the rule has no application to the New England states which hold that the town is under no duty to keep its highways in repair except as the duty is imposed by statute. In these states the duty is to be found stated in the statute, and in the Vermont statute it is an absolute duty, without regard to negligence. The town is bound, without qualification, to keep its bridges and culverts "in good and sufficient repair."

START, J. The plaintiff's evidence tended to show, that, while riding over a culvert which the defendant was bound to maintain and keep in repair, his horse stepped into a hole that had been there about forty-eight hours, caused by the spreading of the stone slabs covering the culvert, and the dirt covering the same working through. The defendant's evidence tended to show, that there was no hole in the

culvert until the plaintiff's horse broke through it, on the occasion of the accident; that the culvert was properly and securely built, with side walls covered with large flagstones, which, at the time of the accident, were covered with gravel and dirt to the depth of about eighteen inches; that said culvert was, to all appearances, in perfect condition; that the defect could only have been discovered by crawling into the culvert; and that the defendant's road commissioner had, from time to time, inspected the road where the culvert was and discovered no fault in the same.

This evidence tends to show that the defect causing the injury complained of, was so far latent, sudden and unforeseen that its occurrence could not reasonably have been anticipated and guarded against, and that the accident occurred without fault on the part of the town. The evidence fairly presented for the consideration of the jury the question, whether the town officers charged with the duty of keeping the culvert in repair ought, as careful and prudent men, to have anticipated that such a defect would be likely to occur and guarded against its occurrence; and, if not negligent in this respect, whether, by the exercise of due care and prudence, they could, or ought to, have seasonably discovered the defect and remedied it, and these questions should have been submitted to the jury.

When a defect in a highway is latent, and when a sudden and unforeseen defect occurs without fault on the part of the town, the town is not chargeable for the damage resulting from such defect, unless it has been in default in respect to getting seasonable knowledge of the defect, or unless, having such knowledge, it was reasonably practicable to have repaired the defect or put up a warning or barrier before the happening of the accident. In such cases, the questions, whether the defect occurred without the fault of the town and whether the town was wanting in care and prudence in not seasonably discovering and repairing the defect, are for the jury. *Campbell* v. *Fair Haven*, 54 Vt.

336; *Ozier and wife* v. *Hinesburgh*, 44 Vt. 220; *Willard* v. *Newbury*, 22 Vt. 458; *Kelsey* v. *Glover*, 15 Vt. 708.

In *Mullen* v. *Rutland*, 55 Vt. 77, the defendant's surveyor built a barricade to prevent travelers from driving upon a bridge that was being repaired; and the court held, that, if the town performed its full duty and built a barricade at nightfall sufficient in height and strength, and in the right place, and had no knowledge or reason to suppose or suspect that some unforeseen casualty would happen to it, the town would not be liable.

In *Prindle* v. *Fletcher*, 39 Vt. 255, the plaintiff was traveling upon a highway, when the ground gave away under his horse, through some latent defect which was not known and was not discoverable; and the court, in holding that the defendant was not liable, in the course of the opinion, said: "It was not the design of the statute to require impossibilities of the town, and to make it the absolute insurer against all accidents and injuries caused by defects in highways. But it was designed to hold the town to insure against accidents and injuries caused by defects existing through any fault of the town."

The plaintiff was permitted to show by his sons the complaints he made of pain that he was suffering at the time he made the complaints. This testimony was properly received. It is not necessary that such complaints be made to a physician or nurse, in order to render them admissible. *Knight and wife* v. *Smythe*, 57 Vt. 529; *State* v. *Howard*, 32 Vt. 380; *Kent* v. *Lincoln*, 32 Vt. 591; *Drew* v. *Sutton*, 55 Vt. 586; *State* v. *Fournier*, 68 Vt. 262.

*Judgment reversed and cause remanded.*