HATTIE R. KIDDER *v.* H. W. BACON.

May Term, 1900.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed February 12, 1902.

*Slander—Pleading—Privilege—Variance—Evidence—Loss of employment—Defendant's means—Mental anguish.*

When the two counts of a declaration for slander allege publications on the same day, and the proof shows them to have been on different days, the variance is immaterial.

The court cannot hold, without hearing the evidence, that slanderous statements made to school directors concerning a teacher in their employ, are privileged, as under the cover of privilege they may have been made in malice.

There is no question of privilege in an action for slander in which the defendant does not plead, or claim on trial, the truth of the words constituting the charge.

The words charged in the first count of the declaration were, "I discovered them in the very act," and the proof showed that the defendant said he "see" them and "saw" them in the very act; the words charged in the second count were, "I caught them in the very act," and the proof was that he said he "catched" them. *Held*, that the words proved were in substance as alleged.

When the declaration in an action for slander alleges that the plaintiff was slandered in her character as a school teacher, evidence of her reputation and standing as a teacher before the publication of the alleged slander, and of her subsequent loss of employment, is admissible.

In an action for slander, evidence that rumors of the defendant's charges against the plaintiff were current in other towns, and to show how general such reports had become, is admissible on the question of damages, but not as an additional ground of recovery.

In an action for slander, evidence of charges similar to those set up in the declaration are admissible on the question of malice.

In an action for slander, evidence of the defendant's pecuniary means and standing in the community, is admissible in aggravation of damages.

In an action for slander, the testimony of those who observed the symptoms of plaintiff's mental suffering is admissible.

A witness for the plaintiff, in answer to a question as to what the plaintiff said as to her then present feelings, testified that she said, "Oh, why did Mr. Bacon tell such an awful lie? Why did he tell such an awful lie?" and, "It is worse than death. My good name is all I have." *Held*, that these expressions were improperly received as evidence of plaintiff's feelings, as they were only declarations as to the cause of her feelings.

When the declaration, in an action for slander, alleges that the defendant charged the plaintiff with adultery with one E. on a certain night, the testimony of a witness that on the morning of that day the witness made an appointment with E. to make a professional visit to her that evening, is admissible as tending to show that he was not at the place named by the defendant.

A witness testified that the defendant made the statement to him, "I catched them in the very act,—the act of adultery," and, that when he asked the defendant if he actually caught them in the act, he replied that he did not, because it was too dark. *Held*, that it was not error to refuse to charge that the statement and answer should be considered together to determine whether the answer was a retraction of the statement, as the fair import of the answer was not a retraction.

CASE for slander. Plea, the general issue, with notice of special matter in justification of a part of the words charged. Trial by jury at the September Term, 1899, Washington County, *Watson,* J., presiding. Verdict and judgment thereon for the plaintiff. The defendant excepted.

The declaration contained two counts. The notice filed by the defendant did not justify the gist of the charge. The plaintiff was, at the time of the alleged slander, a school teacher in the town of Brookfield, under a contract with the school directors of that town, which covered the then succeeding two terms of school. It appeared that the alleged slanderous words were spoken on one occasion to one of said directors, and on another to two of them, both occasions being when said directors were inquiring of the defendant in regard to certain rumors affecting the plaintiff's character for chastity; and that in consequence of the alleged slanderous statements by the defendant said directors compelled the plaintiff to resign her position as such teacher.

*John W. Gordon* and *W. A. Lord* for the defendant.

The declaration alleged the utterances of the slander on August 22, 1898. No other time was mentioned. In case of verbal slander the time of its utterance must be alleged, and the plaintiff will not be permitted to give evidence of a slander on another occasion as ground of recovery. The defendant prepared his case with the understanding that the date alleged is to be relied upon. The court allowed the plaintiff to give

evidence of a slanderous statement on another date than that named in the declaration. The defendant was taken by surprise and could not be ready at the trial to produce his evidence. This ruling of the court was improper. *Rice* v. *Cotrel*, 5 R. I. 340. The communication to the school directors was privileged unless express malice is shown. The question of privilege was for the court, the facts being undisputed; and the question of malice was for the jury. *State* v. *Syphrett*, 13 Am. St. Rep. 627; *Lawson* v. *Hicks*, 38 Ala. 279; *Shurtleff* v. *Stevens*, 51 Vt. 501; *Bacon* v. *Railroad Co.*, 55 Mich. 224; *Little* v. *Hodges*, 2 Bosw. 537.

The occasion being privileged, the plaintiff was bound to show malice in fact, and it cannot be inferred from the circumstances. *Nott* v. *Stoddard*, 38 Vt. 25; Odgers on L. & S., 264; *Shurtleff* v. *Stevens*, 51 Vt. 501.

Malice must be proved by some evidence besides that which merely proves the falsity of the statement. Newell on L. & S. 88, 323-325; *Haney* v. *Trost*, 44 Am. Rep. 461; *McKee* v. *Ingels*, 5 Ill. 30; *Vanderzee* v. *McGregor*, 12 Wend. 545; *Torry* v. *Field*, 10 Vt. 414; *Fowles* v. *Bowen*, 30 N. Y. 20.

The declaration alleges that the slander was uttered in the presence and hearing of divers good and worthy citizens. The proof was that it was uttered in the presence of one citizen. This was a fatal variance. *Chapin* v. *White*, 102 Mass. 139. There was also a variance between the allegation of the words and the proof of the same. *Smith* v. *Miles*, 15 Vt. 245; *Smith* v. *Hollister*, 32 Vt. 695; *Dickey* v. *Andros*, 32 Vt. 55; *Sanford* v. *Gaddis*, 15 Ill. 228; *Wheeler* v. *Rob*, 1 Blackf. 330.

The plaintiff was allowed to give evidence of her standing and reputation as a teacher prior to the speaking of the slanderous words as bearing upon the question of damages, and in support of the declaration. The defendant did not attack

the reputation or character of the plaintiff as a school teacher during the trial. The evidence was seasonably excepted to. *Hitchcock* v. *Moore,* 37 N. W. Rep. 914; *Ins. Co.* v. *Paul,* 23 Ill. App. 611; *State* v. *Emory,* 59 Vt. 89; *Kee* v. *State,* 28 Ark. 155; *State* v. *Kinley,* 43 Io. 294; *State* v. *King,* 78 Mo. 555; *People* v. *Garbett,* 17 Mich. 9.

It was error to allow the plaintiff to show that she resigned her position in compliance with the school directors' demand. She had a valid contract with the directors for the fall and winter terms. The fact that the directors broke the contract is not ground for damages in an action for slander. *Ashley* v. *Harrison,* 1 Esp. Rep. 48; *Morris* v. *Landale,* 2 B. & P. 284; Newell on S. & L. 852.

The plaintiff was allowed to show on the question of damages that it was currently reported in Williamstown and Brookfield that the defendant had accused the plaintiff of improper conduct. This evidence was inadmissible, being hearsay. The case of *Nott and Wife* v. *Stoddard,* 38 Vt. 25, does not sustain this doctrine when carefully considered, and if it does, should be overruled. The case of *Leonard* v. *Allen,* 11 Cush. 241, supports the defendant's position. The plaintiff could not recover for the repetitions of the slander. She could not recover of defendant for what others did, and then of others for what they did, and finally for her own act in circulating the report. *Shurtleff* v. *Stevens,* 51 Vt. 501; *Pease* v. *Shippen,* 80 Penn. St. 513; *Hastings* v. *Stetson,* 126 Mass. 329; *Stevens* v. *Hartwell,* 11 Met. 542; *Pettibone* v. *Simpson,* 66 Barb. 492; *Woodbury* v. *Thompson,* 3 N. H. 194; *Kendall* v. *Stone,* 5 N. Y. 14.

The testimony of the witness Untiedt shows that the defendant's statements when taken together were not slanderous; and the qualifying part of the statement ought to have been alleged. Newell on S. & L. 812; *Winchell* v. *Strong,* 17

Ill. 597; *Darling* v. *Clement,* 69 Vt. 292; *Hotchkiss* v. *Oliphant,* 2 Hill, 516; *More* v. *Bank,* 123 N. Y. 420.

C. W. Ellis was allowed to testify to what the defendant told him in regard to the stories about his son, Dr. Ellis. This evidence was received on the question of damages, malice and falsity of the defendant's statements. It was objected to on the ground of privilege. It would only be admissible when the question of malice in fact is in issue. *Knapp* v. *Fuller,* 55 Vt. 311. There was nothing in this statement that referred to the libel sued for. The plaintiff was allowed to show the defendant's pecuniary means. We believe that all the better authorities hold that the reputation for wealth is inadmissible solely on the question of damages. *Ware* v. *Cartlege,* 34 Ala. 622; *Case* v. *Marks,* 20 Conn. 248; *Morris* v. *Marks,* 4 Harr. 520; *Palmer* v. *Haskins,* 28 Barb. 90; *Brown* v. *Barns,* 39 Mich. 211; *Young* v. *Kuhn,* 71 Tex. 645.

Mrs. Stone was allowed to testify in regard to the plaintiff's appearance and the indications of her mental suffering. This was not at the time of the utterances of the slander, but afterwards. Plaintiff herself could have testified to her mental sufferings as was held in *Rea* v. *Harrington,* 58 Vt. 181, but the fact that she appeared as she did to Mrs. Stone might have been due to the fact of her discovery. *Ford* v. *Jones,* 62 Barb. 484; *Underhill* v. *Walton,* 32 Vt. 40; *Wilson* v. *Goit,* 17 N. Y. 445.

Mrs. Eastman was allowed to testify that the plaintiff exclaimed, Oh, why did Bacon tell such an awful lie—why did he tell such an awful lie?" and, when the defendant moved to strike this out, it was allowed to stand. It is not evidence characterizing her then feelings and is not indicative of any particular condition of mind. Plaintiff being alive and able to testify there is no logical foundation for the admission of such testimony. *Lochar* v. *Railroad Co.,* 99 N. Y. 137; *State* v.

*Davidson,* 30 Vt. 377; *Earl* v. *Tupper,* 45 Vt. 275; *Baker* v. *Kelley,* 93 Am. Dec. 280.

It was error to allow Mrs. Blanchard to testify that Dr. Ellis in the morning of the 11th arranged to make a second visit to her at a quarter before ten in the evening. Such arrangements between third parties are absolutely irrelevant and immaterial.

Since it appears that the defendant nowhere attacked the plaintiff's general character, or character as a teacher, evidence as to the wages she received for teaching school during the years previous to the slander was inadmissible. Newell on S. & L. 814; *Perrine* v. *Winter,* 73 Ia. 645.

When evidence of character is admissible, it must be limited to the nature of the charge. *State* v. *Emory,* 59 Vt. 89.

Plaintiff was allowed to testify that she had an opportunity to teach the summer term of school at West Topsham at a higher wage than she received for teaching the Brookfield school that summer, and the reason why she took the latter at a lower wage was because it enabled her to live at home; to do the housework and save the expense of a hired girl, and care for her mother. It is impossible to imagine upon what grounds this evidence was admissible. It was only intended to create sympathy in the minds of the jury. It all took place before the publication of the alleged slander, no allegation of such special damage was contained in the writ and none could be inserted that would make such evidence admissible. *Hoar* v. *Ward,* 47 Vt. 657; *Merritt* v. *Dirth,* 48 Vt. 65; *Perrine* v. *Winter,* 73 Ia. 645. It could not be admitted on the ground of special damages, for they must be specially alleged whether the words are actionable or not. *Houghton* v. *Muzzy,* 30 Vt. 365; *Cook* v. *Cook,* 100 Mass. 194.

*Frank Plumley, Zed S. Stanton* and *Darling & Darling* for the plaintiff.

There being two counts in the declaration, it was proper for the plaintiff to rely on two separate occasions for substantive ground of recovery. Steph. Pl. 254 et seq. Shipman Com. Law Pl. 364. Though both counts alleged the words to have been spoken on August 22, no material variance was caused by the fact that the proof showed the occasions to have been August 22, and August 24, respectively. In actions of this sort, the plaintiff is not tied down to the date set up in the declaration. Gould Pl. c. 3, s. 64, 65; Shipman Com. Law Pl. 391; 13 Am. & Eng. Enc. Pl. & Pr. 60; 2 Rice Ev. 670.

At no stage of the case was the question of privilege material, because the defendant denied that he ever spoke the words. Newell on Slander 485; Addison on Torts, § 1103. Charges of a character similar to those relied on may always be shown in evidence, and therefore the second exception will not avail the defendant. *Cav.* v. *Austin,* 42 Vt. 576. There was no substantial variance between the charge set forth in the declaration and the words proved on trial. *Smith* v. *Hollister,* 32 Vt. 695; *Smith* v. *Miles,* 15 Vt. 245; *Hazelton* v. *Weare,* 8 Vt. 480; Newell on Slander, 808; Townshend on Slander, 614. The loss of the plaintiff's position was a material fact under the declaration. *Richardson* v. *Royalton,* 6 Vt. 496.

Evidence of the plaintiff's reputation and standing as a teacher prior to the speaking of the words had a direct bearing on the question of damages, and upon this question it was also proper to show that rumors and reports were abroad that the defendant had made the charges stated in the declaration. *Crane* v. *Darling,* 71 Vt. 295. It was competent to show how general the circulation of these reports had become. *Knott* v. *Stoddard,* 38 Vt. 32.

Evidence that the defendant was reported to be a man of means at the time and in the vicinity was admissible upon the question of damages. *Rea* v. *Harrington,* 58 Vt. 181. The

testimony of the Stones and the Eastmans as to the plaintiff's conduct was relevant. Mental suffering, caused by the defendant's slander, was proper to be considered as an element of damages. *Rea* v. *Harrington, supra; Nott* v. *Stoddard, supra.* The plaintiff's expressions upon these occasions, characterizing her then present feelings, were admissible as original evidence. *Brown* v. *Mt. Holly,* 69 Vt. 364; *State* v. *Fournier,* 68 Vt. 262; *State* v. *Howard,* 32 Vt. 380.

Testimony that the defendant was a man who kept his agreements in financial matters was properly excluded. The plaintiff's examination relating solely to the defendant's reputation as a man of means. *Carpenter* v. *Willey,* 65 Vt. 168.

The testimony of Mrs. Blanchard in regard to the appointment with the doctor was proper in view of her cross-examination. It was proper to show that his arrival was at the time arranged for in the morning. 8 Am. & Eng. Ency. Pl. & Pr. 124. It was proper to allow the plaintiff to testify that she denied the charge when talking with the school directors. This evidence was to repel any inference that she was guilty because she did not deny it. *Fenno* v. *Weston,* 31 Vt. 345.

The testimony of the witness Untiedt did not amount to a retraction and therefore the ruling of the court was correct. *Walker* v. *Waite,* 50 Vt. 668; *Fasset* v. *Roxbury,* 55 Vt. 552.

TYLER, J. 1. As to the two occasions,—August 22 and 24,—on which the plaintiff relied as grounds of recovery: It was not material that both occasions were alleged in the declaration as August 22. As there were two counts there might have been a recovery upon each count. The case falls within no exception to the rule that the precise time is not material and need not be proved as alleged. 1 Chit. Pl. 258; Steph. Pl. 295; 13 Ency. Pl. & Pr. 60, 67. The variance between the pleading and proof was immaterial.

2. The court could not hold, without hearing the evidence, that the communication by the defendant to the school committee was privileged, for under the cover of privilege the defendant might have spoken the words in malice. It is for the jury to decide whether or not the words were spoken. The defendant did not justify in his pleading, nor claim in his testimony, that he saw the plaintiff and Dr. Ellis in the act of adultery; on the contrary he denied having spoken to Clark the words alleged. If, upon the evidence, the jury had found that the words were spoken and were false, there was no question of privilege.

3. The defendant claims a variance in the words proved from those alleged in the declaration. It was said in *Smith et al.* v. *Hollister,* 32 Vt. 695,— a case cited by both parties,— that to maintain an action for slander, the substance of the alleged charge must be proved in substantially the same words laid in the declaration; that any mere variation in the form of expression only is not material, but the words alleged cannot be proved by showing that the defendant expressed the same meaning in different words. This may be construed to mean that, while a variation in the form of expression is not material, different words from those alleged cannot be proved; and yet the court said, "substantially the same words laid in the declaration." There is a better statement of the rule in *Hazelton* v. *Weare,* 8 Vt. 480: "It is a rule laid down in all the books that in an action for slander the words constituting the slanderous charge must be set forth. And, to avoid inconvenience from the strictness of this rule, some slight relaxation is permitted in the evidence. This need not correspond in every minute particular with the words as laid, provided the identity of the charge is substantially made out."

In Sel. N. P. 1267, it is said that it is sufficient to prove the substance of the words; in 1 Chit. Pl. 382, that it is not

sufficient to prove equivalent expressions; in 13 Ency. Pl. & Pr. 63, that the old rule in slander that the words must be proved precisely as laid in the declaration is obsolete, and that now the action will be sustained by proof that the defendant spoke words concerning the plaintiff, slanderous in their natural and obvious meaning, and the same in substance as those stated in the declaration. Applying this reasonable rule, there was no variance. The allegation in the first count is: "I discovered them in the very act of adultery." In support of this charge the plaintiff's witness, Clark, testified that the defendant told him that he "see" them in the very act, and in another connection he testified that he "saw" them in the very act. The words charged in the second count are: "I caught them in the very act,—the act of adultery;" the proof by the witness Untiedt was that the defendant told him he "catched" them in the very act. It must be held that the words proved were in substance as alleged.

4. The declaration alleges that the words were spoken of the plaintiff in her character as a school teacher, and that she sustained special damage thereby; therefore evidence was properly admitted in her opening case in respect to her reputation and standing as a teacher before the speaking of the words. For the same reason it was competent for her to show that, in compliance with the demand of the school committee, she resigned her position as teacher. All the evidence introduced by the plaintiff tending to show her reputation and standing as a teacher before the alleged slander, and loss of employment in that capacity in consequence thereof, was admissible.

5. Evidence was admitted upon the question of damages to show that between August 11 and December 9, 1898, it was currently reported in other towns that the defendant had accused the plaintiff and Dr. Ellis of committing adultery with

each other; also to show how current and general said reports had been in those localities. That this was admissible, if the reports were caused by the slander, was settled in *Nott and Wife* v. *Stoddard*, 38 Vt. 25, 88 Am. Dec. 633, and reaffirmed in *Crane* v. *Darling*, 71 Vt. 295, 44 Atl. 359, for the valid reason that greater injury might accrue to the plaintiff in consequence of the repetition of the slanderous words by others, but not as an additional ground of recovery. *Driggs* v. *Burton*, 44 Vt. at p. 144.

6. The testimony of C. W. Ellis was properly admitted. It was that defendant told him the same story, in substance, that other witnesses had testified to, with the exception of omitting the charge of adultery. It was for the jury to determine whether or not the defendant intended to have the witness Ellis understand that he saw the parties in the act of adultery, or that they were in the act, though he did not charge it. This evidence was not relied upon to sustain the declaration, but as tending to show malice, and as bearing upon the question of exemplary damages. Charges other than those stated in the declaration, but of a similar character, may be proved in an action for slander, not as a substantive ground of recovery, but as tending to show malice. *Cavanaugh* v. *Austin*, 42 Vt. 576.

7. It was not error to admit evidence in respect to the defendant's pecuniary means. The plaintiff may show, in aggravation of damages, the fact that the defendant is a man of wealth and standing in the community. *Brown* v. *Barnes*, 39 Mich. 211, 33 Am. Rep. 375; *Humphries* v. *Parker*, 52 Me. 502; *Rea* v. *Harrington*, 58 Vt. 181, 2 Atl. 475, 56 Am. Rep. 561; 13 Am. & Eng. Ency. 438. Where exemplary damages are awardable, as in this case, the defendant's pecuniary ability may be considered in order to determine what would be a just punishment for him. His ability to pay is a proper element for consideration. *Earl* v. *Tupper*, 45 Vt. 275.

8. It is well settled that when the words spoken are actionable the jury have a right to consider the mental suffering which may have been occasioned to a party by the publication of the slanderous words, and to allow damages therefor.   2 Gr. Ev. s. 420; 8 Am. & Eng. Ency. 658; *Nott and Wife* v. *Stoddard; Rea* v. *Harrington.*   There is no reason, therefore, why evidence of the mental pain and anguish should be confined to the plaintiff herself.   Any person who observed symptoms of her mental condition could testify to the fact. ˙ In respect to expressions of mental or physical pain the rule is thus stated in 1 Gr. on Ev. s. 102:

"Wherever the *bodily or mental* feelings of an individual are material to be proved, the usual expressions of such feelings, made at the time in question, are also original evidence. If they were the natural language of the affection, whether of body or mind, they furnish satisfactory evidence, and often the only proof of its existence.   And whether they were real or feigned is for the jury to determine."   See Abbott's Trial Ev. p. 751 and notes.

That exclamations are admissible to prove the existence of pain is established by abundant authority.   See cases cited in note (a) 1 Gr. Ev. s. 102, and in notes to *Baker* v. *Kelly,* (Miss.) 93 Am. Dec. p. 280; *State* v. *Howard,* 32 Vt. 380, 78 Am. Dec. 609.   Statements of a sick person when the nature of his illness is in issue, made to a physician or other attendants during his sickness, relative to the nature, symptoms and effect thereof, are admissible. ˙ *People* v. *Vernon,* (Cal.) 95 Am. Dec., notes, p. 66; *State* v. *Fournier,* 68 Vt. 262, 35 Atl. 178; *Brown* v. *Mount Holly,* 69 Vt. 364, 38 Atl. 69.

9. A witness produced by the plaintiff, having testified to her mental state on an occasion, was asked: "What did she then say about her present—her then present—feelings?" The answer was; "she said, 'Oh, why did Mr. Bacon tell such an

awful lie? why did he tell such an awful lie?' " and as a further part of her answer she said, "It is worse than death; my good name is all I have," and the witness stated that the plaintiff then wrung her hands and seemed beside herself with grief. We think there was error in the holding that these expressions were evidence tending to characterize the plaintiff's then present feelings. They were not exclamations of present pain, nor expressions of present symptoms, but declarations as to the cause of them; they were statements in respect to a past occurrence. They were the same in effect as if the plaintiff had told the witness that the defendant had previously told awful lies about her, and that the knowledge of their circulation was the cause of her mental distress, which would clearly have been inadmissible. Rob. Dig. 286, 287, pl. 205-209 inclusive.

10. The testimony of Mrs. Blanchard that she made an arrangement with Dr. Ellis on the morning of August 11, by which he was to visit her at quarter before ten that evening, was properly admitted. It was a mere circumstance, which called the attention of the witness to the actual time of the visit, and tended to show that he was not at the place testified to by the defendant.

11. The witness Untiedt testified that the defendant used the expression in the presence of himself and Clark, "I catched them in the very act,—the act of adultery," as is charged in the second count; that Untiedt then asked the defendant if he meant to say that he actually caught them in the act; and that he replied that he did not, because it was too dark. There was no request to the court to charge upon the subject of retraction, but the defendant excepted to the charge as given because the court failed to charge the jury that they should take into consideration the whole conversation, and that, if one part qualified the other, they should consider to what extent it qualified, and whether the whole conversation

amounted to the slanderous words alleged. The defendant had seasonably claimed that the defendant's answer to Untiedt's question so modified his statement to Clark and Untiedt, if made, that there was no charge of adultery on that occasion. The charge on this subject was:

"It is not necessary that you should find that the defendant used the precise words alleged in the declaration; but the plaintiff must prove that the defendant used substantially the words as alleged. Neither is the plaintiff bound to prove the speaking of all the words charged in the declaration. If you believe from the evidence that the defendant spoke of and concerning the plaintiff in the presence and hearing of Clark, or of Clark and Untiedt, or of both of them, on one or both of the occasions in question, any of the slanderous words charged in the declaration, the fair import of which would be to charge the plaintiff with the crime of adultery with Dr. Ellis, then she is entitled to a verdict."

This was a correct statement of the law, and met the requirements of the case unless it was the duty of the court to have called the attention of the jury to the defendant's answer to Untiedt, and instructed them that they should consider the defendant's statement and answer together, and determine whether the answer was a retraction of the charge, or such a modification of it that, taken together, there was, on that occasion, no charge of adultery. We think it was not the duty of the court to instruct further, for the fair import of the answer to Untiedt's question was not a retraction. His charge was that he caught them in the very act, but whether by the sense of sight, hearing, or touch, he did not explain. When the witness suggested that he had said it was a very dark night, and asked, "Now Mr. Bacon, do you say that you catched them in what we call sexual intercourse?" he said he didn't, because it was too dark. There was no retraction of

the charge. The plain meaning of the answer was that while it was so dark that he could not actually see the exposed persons of the parties, he saw and heard enough to satisfy him that they were engaged in the act of adultery and to justify him in saying that he caught them in the act.

*Judgment reversed and cause remanded.*