## STATE *v.* GEORGE RAYMO.

### January Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and HASELTON, JJ.

### Opinion filed June 2, 1904.

*Criminal Law—Mental Condition—Evidence—Declarations of Respondent—Self-Defense—Instructions.*

Declarations of a party in his own favor are not admissible, unless they are a part of the *res gestae.*

Declarations of a person expressing mental suffering are admissible when the mental state is a material fact to be proved; but the statements of past suffering, or of the past cause of suffering, are not admissible.

In a prosecution for an assault on B., wherein the respondent claims he acted in self-defense, his declarations, made after prior assaults of B. on him, that he was afraid of B.—afraid he would injure him, etc., were no part of the *res* of such prior assaults, and are not admissible.

In this case it was proper for the court, in explaining to the jury the apprehension of danger a person must be in to justify him in taking his assailant's life, to say that if the respondent did not, at the time he was assaulted, anticipate more serious injury than he actually received, that would not be the great and serious bodily harm to which the law refers when it says that a man may take his assailant's life rather than receive such injury.

INFORMATION filed at the respondent's request, for an assault with intent to kill and murder. Plea, not guilty. Trial by jury at the September Term, 1903, Orleans County, *Stafford, J.,* presiding. Verdict guilty, and judgment thereon. The respondent excepted.

The evidence of the respondent tended to show that, in consequence of the blows he received from Bronson, "his nose was swollen some, his right eye was nearly closed up and was black and blue, his face was marked up and had blood on it."

But the exceptions further state: "Raymo took the stand in his behalf, and at that time, eight or nine days after the affray in question, his face and head showed no signs or marks of injury, and he did not claim he was then suffering in any respect from the blows he received from Bronson." The opinion states the other facts.

*H. F. Graham* and *F. C. Williams* for the respondent.

The declarations of the respondent should have been admitted. They were part of the *res* of the prior assaults. *People* v. *Davis,* 56 N. Y. 95; *Eything* v. *People, 79* N. Y. 546; *Ohio, etc. R. Co.* v. *Stein, 19* L. R. A. 733; *Hadley* v. *Carter,* 8 N. H. 40.

Perfect coincidence in time is not required to make declarations part of the *res gestae.* *Ala. etc. R. Co.* v. *Hawk, 47* Am. Rep. 403; Wharton Crim. Ev. (9 ed.) §§ 262-291; *State* v. *Daley,* 53 Vt. 444.

*Albert W. Farman,* State's Attorney, for the State.

TYLER, J.  This trial was upon an information which charged that the respondent, on October 13, 1903, made an assault upon Malcolm Bronson with intent to kill and murder him; trial, and conviction of a breach of the peace. The respondent's evidence tended to show that Bronson was the first assailant, and that the respondent used no more force than was necessary to repel him; that Bronson was unarmed; that the respondent had a pistol that he obtained two or three months before with which to defend himself in case of an attack by Bronson. In the affray both parties struggled for the possession of the pistol, which was discharged, the ball striking Bronson and wounding him.  The question was whether the respondent used excessive force in his defence.

The respondent's evidence tended to show that Bronson had been in his family a considerable part of the time for several years; that the respondent had ordered him to leave the house, but he refused to go; that Bronson had assaulted him several times and severely bruised his face and had threatened his life; that Bronson was a lighter man than himself, but more athletic and that in all their affrays Bronson was victorious.

The respondent testified to these facts and to his fear of Bronson; that in the spring of 1903, after Bronson had assaulted him at his house, he went to the house of a neighbor named Humphrey, to hire a horse to drive to the state's attorney's office to make a complaint. Humphrey testified that the respondent was much excited, and the respondent offered to show further by him that he then told him that he was afraid of Bronson, afraid he would injure him, and afraid to return home, which offer was excluded subject to exception.

The respondent also offered to show that after Bronson had assaulted him on an occasion in December, 1902, he went to the house of his neighbor, Porter, for assistance. Faulkner, the only man whom he found there, testified that his face was bruised and bloody and that the witness went home with him. The respondent offered to prove by the witness that he then told him he wanted him to go home with him because he was afraid to return alone, as Bronson was there and had been pounding him, which offer was excluded subject to exception. The respondent lived upon a farm, but how far from these neighbors did not appear.

Proof of the respondent's declarations to Humphrey and Faulkner was offered as tending to show his fear of Bronson and his apprehension of bodily harm from him, and as bearing upon the question of excessive force used in the assault

for which he was on trial. It was competent for him to show by proper evidence that he was in fear of Bronson, before and at the time of the assault, by reason of Bronson's previous assaults upon him. The question is whether he could prove his condition of mind by his own declarations made at the times stated in his offers.

It is the general rule that declarations of a party in his favor cannot be introduced in evidence. *Ellis* v. *Cleveland,* 55 Vt. 358. An exception to the rule is where the declarations are made as a part of the *res gestae,* otherwise the sayings of a party in his favor made at any time would be admissible, and the general rule would be abrogated.

The only case in this State upon which the respondent relies is *State* v. *Daley,* 53 Vt. 442. There the respondent was on trial for stealing a heifer; he admitted the taking, but claimed that about three months before that time he lost a heifer resembling the one taken, and that he took this one supposing it was his. He offered to show that immediately after the alleged loss he was hunting and inquiring for a lost heifer; held, admissible for the reason that the inquiries were a part of the *res* of the search.

That these declarations were not admissible as a part of the *res* of the assaults that had, a short time before, been committed upon the respondent is well settled. In *State* v. *Carlton,* 48 Vt. 636, the statement of the wounded man as to where the respondent shot him, made about two minutes after the assault and about eleven rods distant from the place, was held inadmissible.

It cannot be maintained, as contended, that these declarations of fear were admissible as expressive of the respondent's mental condition. It is the general rule formulated from many authorities that declarations of a person expressing

mental feeling are admissible in evidence when the mental
state is a material fact to be proved; but statements as to past
sufferings or as to the past cause of the suffering are not
admissible; 1 Greenl. Ev. § 102; Chase's Steph. Dig. of Ev.
§ 47, notes; Abbott's Trial Ev. 729; *Mut. Life Ins. Co. v.
Hillmon,* 145 U. S.285; *Comm.* v. *Trefethen,* 157 Mass. 180;
*Kidder* v. *Bacon,* 74 Vt. 275, 52 Atl. 322.

Another exception to the general rule that a party can-
not make testimony for himself by proof of his own state-
ments, is by some authorities stated to be, that where he is
entitled to the benefit, in evidence, of a fact, or of an act done
by himself, then his declaration made contemporaneously with
the fact or act, and explanatory of its quality and motive,
should also be admitted. But these offers did not fall within
this exception, for the one made to Faulkner as character-
izing his acts in seeking assistance and in going home in-
cluded a statement that Bronson had pounded him, which was
not admissible, as it was a mere narrative of a past event.
*Knight* v. *Smythe,* 57 Vt. 529. The declaration to Humph-
rey, if made, was explanatory of no material act. In the
circumstances the respondent could not supplement his own
testimony about his fear of Bronson by proving his declara-
tions made to these witnesses.

It is not necessary to decide whether there was error in
the expression used by the court in the charge, to the effect
that the respondent must have reasonably believed in his dan-
ger. The charge was amended in this respect and the law
stated in such a way that no exception was taken.

In explaining to the jury the apprehension of danger that
a person assaulted must be in to warrant him in taking his
assailant's life, the Court remarked that if the respondent
did not at the time anticipate more serious injury from Bron-

son than he actually received that would not be the great and serious bodily harm which the law refers to when it says that a man may take his assailant's life rather than receive such injury.   In this there was no error.   It only illustrated the rule of law that a person assaulted must be in great danger or in apprehension of it to justify his use of a deadly weapon in defence.

*Judgment that there was no error in the proceedings and that the respondent take nothing by his exceptions.*