### HARRIET M. BALDWIN *vs.* LEWIS M. SOULE.

A declaration for slander, which alleges, in the form prescribed by *St.* 1852, c. 312, that the defendant charged the plaintiff with a certain crime, " by words spoken of the plaintiff substantially as follows," is supported by proof that the defendant spoke words sub- stantially, though not precisely like those set out in the declaration.

On the trial of an action for slander, evidence that the defendant, on the day after the alleged slander, uttered similar words of the plaintiff, is admissible to prove malice.

A declaration for slander by charging the plaintiff with adultery may be amended by leave of court, under *St.* 1852, c. 312, § 32, after the commencement of the arguments, by adding a count for charging the plaintiff with fornication by the use of the same words.

SLANDER. The declaration averred that " the defendant publicly, falsely, and maliciously accused the plaintiff of the crime of adultery, by words spoken of the plaintiff substantially as follows," and then set forth words charging the plaintiff with adultery with Kendall Baird. At the trial in the court of com-

mon pleas, before *Briggs*, J. the plaintiff proved that the defend-
ant charged the plaintiff with the crime of adultery, by words
substantially, but not precisely like those set forth in the declaration.  The defendant objected to the evidence, but the judge
admitted it.

The plaintiff was also permitted, against the defendant's objection, to introduce evidence of similar statements of the defendant, made on the day after the first, for the purpose of proving
malice.

After the evidence was all in, and the defendant's counsel had
begun his closing argument to the jury, the plaintiff, against the
defendant's objection, had leave to amend his declaration by
adding a second count, precisely like the first, except in alleging
a charge of fornication instead of a charge of adultery.

The jury returned a verdict for the plaintiff, and the defendant
alleged exceptions.

*J. C. Wolcott*, for the defendant.

*J. D. Colt & M. Wilcox*, for the plaintiff.

MERRICK, J.  1. The declaration is drawn according to the
form specially prescribed by law as the mode of pleading in
actions of this description, and does not purport to recite exactly
the language in which the defamatory charge against the plaintiff was asserted.  It states only substantially the words spoken
by the defendant, and not the very words in which he uttered or
published the accusation complained of.  In this respect, the
declaration is similar to the general count, accompanied by a
specification or bill of particulars, which was in established use
before the enactment of the recent statute concerning the pleadings, practice and proceedings in courts of law.  And it has
been held that under such a count the plaintiff was not confined
to the same strict proof of the precise words set forth in the bill
of particulars, as would be required to sustain a declaration
specially reciting the exact words alleged to have been spoken.
*St.* 1852, *c.* 312, and forms annexed.  *Whiting* v. *Smith*, 13 Pick.
364.   *Clark* v. *Munsell*, 6 Met. 373.

2. Evidence of the declarations of the defendant in his conversation upon the same subject on the day next after the day

of the publication of the alleged slander, for the purpose of showing that he was actuated on the former occasion by malicious feelings towards the plaintiff, was clearly admissible, within the principle established by many previous decisions. *Bodwell* v. *Swan*, 3 Pick. 376. *Watson* v. *Moore*, 2 Cush. 133. *Smith* v. *Wyman*, 16 Maine, 14. 2 Greenl. Ev. § 418.

3. The amendment of the declaration was properly allowed. The cause of action stated in it is the publication and assertion made by the defendant concerning the plaintiff's alleged unlawful intercourse with Baird. The same facts are set forth both in the original and in the amended count; and therefore the leave given to amend in no way transcended the authority of the court. *St.* 1852, *c.* 312, § 32.          *Exceptions overruled.*