### ALLEN BATES *v.* IRA P. HARRINGTON.

*Amendment.   Statute of Limitations.   Costs.*

In case for slander for speaking the words, "You committed perjury," brought at the September Term, 1873, it appeared that on February 9, 1876, plaintiff filed amended counts, alleging other and different conversations on the same day and at the same place, alleging in the first count, the speaking of the words, "You committed perjury;" in the second, the words, "You are an infamous, perjured liar;" and in the third, the words, "You are a damned, infamous, perjured liar, and I can prove it." Defendant moved to dismiss the second and third counts, for that they were for new causes of action, but the motion was overruled. *Held,* that the counts were for the same cause of action; that the references in the new counts to the words therein alleged as having been spoken in other conversations, were in conformity to the rule for declaring in successive counts for the same cause of action, and that the motion was properly overruled.

Verdict was for plaintiff on the second amended count, and not guilty on all the others. Defendant moved for judgment *non obstante.* *Held,* that although the new counts were not filed for more than two years after the speaking of the words, the Statute of Limitations could not avail as a defence, as it did not appear

**1**

to have been pleaded, and because the new counts related to the time of the bringing of the suit; and that therefore the motion should not prevail.

The defendant moved, also, for an apportionment of costs. *Held,* that the case came not within the statute providing for such apportionment, but pertained rather to the matter of amendment, which was within the discretion of the court allowing it, and not revisable.

*Semble,* however, that it is usual to allow plaintiff to amend on such terms as will leave him no better off than if he had brought his suit at the term when amendment is allowed.

CASE for slander brought to the September Term, 1873. The words alleged were, " You committed perjury," and were alleged to have been spoken on August 11, 1873. On February 9, 1876, the plaintiff filed three amended counts, alleging other and different conversations on the same day and at the same place, alleging, in the first count, the speaking of the words, " You committed perjury ;" in the second, the words, " You are an infamous, perjured liar ;" and in the third, the words, " You are a damned, infamous, perjured liar, and I can prove it." The new counts, in referring to the conversations as *other* conversations, made use of the usual phrases, " afterwards to wit," &c., " in a certain other discourse," &c., " in the presence and hearing of divers other citizens," &c., " further contriving and intending," &c.

At the September Term, 1877, the defendant moved to dismiss the second and third new counts for that they were for new causes of action, but the court, REDFIELD, J., presiding, overruled the motion ; to which the defendant excepted.

The defendant justified the speaking of the words alleged, and the case was tried by jury, resulting in a verdict for the plaintiff for one cent damages on the second new count, and of not guilty on the others. The defendant thereupon moved for judgment *non- obstante,* for apportionment of costs, and for costs to the time of the filing of the new counts. The court overruled the motion, and rendered judgment on the verdict ; to which the defendant excepted.

*J. A. Wing,* for the defendant.

*Heath & Carleton,* for the plaintiff.

The opinion of the court was delivered by

BARRETT, J.　We dispose of the questions made in argument by defendant's counsel in view of what is before us in copy, as constituting the case.　Anything of the case not so before us is not the subject of our consideration.

It is assumed that the amendment in question was made by leave of court, and no question appears to have been made as to the lawfulness of such amendment till the motion to dismiss the second and third new counts was made, as stated in the exceptions.　Without debating the propriety of said motion which was filed after the amendment had been allowed and made without apparent objection, or the legality of its denial, it is assumed that the amendment was lawful, unless the contrary is shown by the face of the record before us.　The illegality is claimed on the alleged ground that the second and third new counts are for a cause of action different from that set out in the original and in the first new count.　The words uttered, as alleged in each count, make the same charge, namely, of having committed perjury. The accompanying expletives do not affect the effective quality of the words as constituting actionable slander.　They are alleged to have been spoken on the same day and at the same place, and to the plaintiff.　All this would not indicate a purpose to set forth different causes of action.　What is said in the subsequent counts about "afterwards to wit," &c., "in a certain other discourse," &c., "in the presence and hearing of divers other citizens," &c., "further contriving and intending," &c., is in conformity to the rules and forms of law in declaring in successive counts for the same cause of action; and so it does not evince a purpose of declaring in each count for different cause.　The rule is explicitly stated in Whart. Crim. Law, s. 426, and in other books.

As to the motion for judgment nothwithstanding the verdict, the recovery was on the second amended count, which was filed in February, 1876, more than two years after the alleged speaking of the words charged.　1st.　The Statute of Limitations is available in defence only when pleaded and made the subject of consideration in the trial preceding the verdict.　Nothing before

this court shows that there was any such plea.    2.    But if there is such a plea, it could not avail in this case, for the new counts " relate back to the commencement of the suit," as held in *Dana* v. *McClure*, 39 Vt. 197.    It behooves to remark that if there is such a plea, and issue made upon it, it would have been disposed of either before the trial resulting in a verdict, or by the verdict; and so, for anything appearing, that motion in this case is without precedent.    If there is no such plea, the motion would seem to be still more strange, as matter of practice.

As to costs.    This is not within the subject of apportionment provided for by statute.    But it appertains to the matter of amendment. · The terms on which the amendment was allowed were within the discretion of the County Court.    We understand that it is usual to allow such amendments on such terms as to leave the plaintiff no better off than if he had brought his suit into the term of court in which the amendment is allowed; still we know of no requirement of the law to that effect.    The exception in this respect does not involve error in law, and so this court cannot revise the action of the County Court in this respect.

*Judgment affirmed.*