Casey *v*. Hulgan.

Filed May 7, 1889.

No. 13,294.

CASEY *v*. HULGAN.

SLANDER.— *Pleading.— Harmless Error.*—Where no evidence is adduced tending to prove alleged slanderous words set out in a paragraph of complaint, an error in overruling a demurrer to such paragraph becomes harmless.

SAME.—*Express Malice.—Exemplary Damages.*—Where, in an action for slander, express malice is proved, the jury may assess exemplary as well as compensatory damages.

SAME.—*Evidence of Other Slanderous Words.*—Evidence of other or similar slanderous words, spoken at other times and places, is admissible to show that the words charged in the complaint were spoken with malice.

SAME.— *When Express Malice Exists.*—Where the act complained of was conceived in the spirit of mischief, or of criminal indifference to civil obligations, there is express malice.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellant.

*D. W. Chambers* and *J. S. Hedges,* for appellee.

BERKSHIRE, J.—This is an action by the appellee against the appellant to recover damages because of alleged slanderous words spoken by the appellant of and concerning the appellee.

The complaint contains six paragraphs, and each paragraph contains several sets of words.

To each paragraph and to each set of words in the several paragraphs the appellant demurred; the court overruled the demurrers, and the proper exceptions were reserved.

The appellant filed an answer in general denial only, and the issues joined were submitted to a jury, who thereafter returned a verdict for the appellee. After the return of the verdict the appellant filed a motion for a new trial, which was overruled by the court, and the proper exception reserved, and judgment given for the appellee.

Several errors are assigned, but in the briefs of counsel the discussion is limited to the ruling of the court in overruling the demurrers to the first and second sets of words alleged in the first paragraph of the complaint, and to the action of the court in giving instruction number four to the jury. Our consideration of the case will be confined to the questions argued by counsel.

There was no evidence tending to prove either the first or the second set of words in the first paragraph of the complaint alleged, hence the appellant was not injured by the ruling of the court in overruling the demurrers thereto, and therefore no available error is presented for the consideration of this court. We therefore decide nothing as to the sufficiency of either of the said sets of words as causes of action, but in view of the facts and circumstances stated in the colloquium, which are to be taken in connection with the words charged, we refer to the following authorities : *Harrison* v. *Findley*, 23 Ind. 265 (85 Am. Dec. 456) ; *Works* v. *Stevens*, 76 Ind. 181 ; *Blickenstaff* v. *Perrin*, 27 Ind. 527 ; *Roe* v. *Chitwood*, 36 Ark. 210 ; *O'Conner* v. *O'Conner*, 24 Ind. 218.

We do not think the court erred in giving the instruction

complained of.    If express malice was proven, the jury was authorized to assess exemplary as well as compensatory damages.

The words charged and proven were actionable *per se;* some of them independent of the extrinsic facts averred, and others when taken in connection therewith.

Evidence of other or similar slanderous words, spoken at other times and places, is admissible to show that the words charged in the complaint were spoken with malice and ill-will. *Markham* v. *Russell*, 12 Allen, 573 (90 Am. Dec. 169); *Logan* v. *Logan*, 77 Ind. 558; *De Pew* v. *Robinson*, 95 Ind. 109.

If the act complained of was conceived in the spirit of mischief, or of criminal indifference to civil obligations, then there is express malice. *Philadelphia, etc., R. R. Co.* v. *Quigley*, 21 Howard (U. S.), 202; *Day* v. *Woodworth*, 13 Howard (U. S.), 363.

From the evidence as we find it in the record, we must come to the conclusion that the appellant was not troubled with a stammering tongue; he seems not to have been slow in speech; he did a great deal of talking from the time the larceny is supposed to have been committed until the recovery of the property.    It seemed to be his desire for some reason to impress upon his hearers that the appellee was the larcener of the property, and many forms of expression were employed, some of which are charged in the complaint and others not.

The instruction was proper, and it is very evident that the jury were not misled thereby, for the amount of damages assessed is very reasonable in view of the circumstances as established by the evidence.

Judgment affirmed, with costs.

Filed May 8, 1889.