## JORGENSON, APPELLANT, *v.* BUTTE AND MONTANA COMMERCIAL COMPANY, RESPONDENT.

[Argued October 18, 1892.   Decided September 5, 1893.]

TRIAL—*Directing verdict for defendant—Master and servant.*—An instruction to find for the defendant upon the conclusion of plaintiff's testimony is proper in an action by an employee for personal injuries alleged to have been caused by the incompetency of a colaborer and unskillful treatment of the wound by surgeons employed by defendant, where the evidence tends to show that plaintiff contributed to his own injuries by disobedience of instructions; that the colaborer was not working with plaintiff at the time; that plaintiff after being hurt stated that he alone was to blame, and the evidence fails to disclose any requirement of particular skill on the part of the colaborer or lack of skill if required, or knowledge by defendant of any such incompetency of which plaintiff was ignorant, or that the surgeons were negligent or unskillful.

WITNESSES—*Cross-Examination.*—In an action for personal injuries a witness who has testified to facts contemporaneous with the injury and closely connected with the main fact may be cross-examined as to the entire case, especially where such witness was a colaborer to whose incompetency plaintiff attributed his injury.

PLEADING—*Amendments.*—It is not error to permit a defendant to amend his answer while the jury is being impaneled where the amendment does not surprise, injure, or inconvenience the plaintiff, and no continuance is rendered necessary or demanded on account thereof.

*Appeal from Eighth Judicial District, Cascade County.*

Action for personal injuries. The cause was tried before BENTON, J., who directed a verdict for defendant. Affirmed:

*F. C. Park,* for Appellant.

I.   It was error for the trial court to allow respondent to amend its amended answer while the jury was being impaneled. Respondent filed no affidavit, showed no cause for amending, gave no notice to the adverse party, and no terms were imposed as a condition therefor. (Code Civ. Proc., § 116; *Hayden* v. *Hayden,* 46 Cal. 333; *Canfield* v. *Bates,* 13 Cal. 606; *Martin* v. *Thompson,* 62 Cal. 622; 45 Am. Rep. 663; *Howe* v. *Independence Co.,* 29 Cal. 74.)

II.   The court erred in permitting respondent to cross-examine the witness Harlander on the whole of the case when he had only been examined as to a definite part thereof. (Greenleaf on Evidence, 4th ed. § 445.) Appellant was thereby deprived of the right to impeach the witness on the matters developed on cross-examination, which he might have done had respondent called him in its own behalf.

III.   The court erred in granting respondent's motion for a nonsuit. (*Schierhold* v. *North Beach etc. R. R. Co.,* 40 Cal. 453; *Wilson* v. *Southern Pac. R. R. Co.,* 62 Cal. 172; *Cunningham* v. *Union Pac. R. R. Co.,* 4 Utah, 206; *Conely* v. *McDonald,* 40 Mich. 158; *Commissioners* v. *Clark,* 94 U. S. 284; *Schuchardt* v. *Allins,* 1 Wall. 369; *Drakely* v. *Gregg,* 8 Wall. 268; *Insurance Co.* v. *Rodel,* 95 U. S. 238; *Kelly* v. *Hendric,* 26 Mich 256; *Blackwood* v. *Brown,* 32 Mich. 107; *Brooks* v. *Somerville,* 106 Mass. 271; *Denny* v. *Williams,* 5 Allen, 1; *Fisk* v. *Wait,* 104 Mass. 71; *Smith* v. *First Nat. Bank,* 99 Mass. 612.)

*Arthur J. Shores,* for Respondent.

PEMBERTON, C. J.—This is a suit for damages for personal injuries. The appellant, who was plaintiff below, alleges in his complaint that he is a skilled carpenter; that on March 5, 1891, he was employed by respondent to work on its mill at Great Falls; that on the twentieth day of March, 1891, while

engaged at work handling heavy plank on the third story of respondent's said mill, he fell to the floor below, breaking his leg; that his fall, by which he was so injured, was caused by the incompetency, lack of skill and knowledge, of one Harlander, a colaborer, who was engaged in assisting him in his work; that defendant knew of the incompetency of the said Harlander, and appellant did not.   The complaint further alleges that defendant employed, as it was bound to do under its contract with appellant, surgeons to treat his broken limb; that these surgeons so carelessly and unskillfully treated his leg, and were so negligent in nursing and caring for appellant during his sickness, that it became and was necessary to amputate the leg of appellant in order to save his life; that the want of skill and ability of said surgeons was known to the respondent at the time, and unknown to appellant; that defendant was guilty of negligence in the employment of said unskillful laborer to assist appellant in his work on said building, and in the employment of unskillful and negligent surgeons to treat and nurse him.   The appellant testified to the fact of his falling, how it occurred, and the result.   He attributes his fall to the incompetency of Harlander.   As to the manner of his treatment by the surgeons and nurses, his evidence is unreliable, as he admits that a great part of the time he was unconscious.   Besides, his testimony does not show any knowledge of these matters.   He was manifestly not supported by the testimony of his other witnesses as to the material facts in his evidence. Harlander, the man, appellant says was assisting him at the time he fell, and to whose incompetency appellant attributes his fall and injury, swears he was not helping appellant at the time he fell and was injured; that the appellant was working alone at that time.   H. L. Smith, another witness for appellant, testified as follows: "I talked with him [appellant] about this fall.   He said he slipped and fell, and said nobody was to blame for it but himself."   The appellant testified that at the time he fell he was using a pevee in handling and moving the planks.   Beecher, a witness for appellant testified that he was a carpenter, at work on the same building with appellant at the time he fell; that appellant was using a pevee; that he considered it safer working where appellant was without a pevee,

and that the superintendent had given all the men instructions not to use a pevee in work like that in which appellant was engaged. The evidence offered by the appellant as to the negligence and want of skill of the surgeons who treated him is vague and far from being satisfactory. It is true the appellant testified to some apparent neglect and want of care during his sickness. Smith, a witness for appellant, testified that he assisted in taking care of the appellant part of the time; talked to him about his condition; that he did not complain at any time of how he was treated; that there was no lack of attendance at any time. The surgeon who treated him testified to proper treatment and care of appellant. Although there is some evidence of unprofessional witnesses which might be construed into meaning that there was some want of care, yet, on the whole, the evidence seems to show that as good care as the circumstances would admit of was bestowed upon appellant. There is no evidence showing that the surgeons employed to treat appellant were not skilled and learned in their profession. All these witnesses were the appellant's witnesses. The defendant offered no evidence, but on the conclusion of the testimony offered by appellant moved the trial court for an instruction to the jury to render a verdict for the defendant. The court gave this instruction, and upon the verdict so rendered a judgment was entered for the defendant for costs. From this judgment this appeal is brought.

The principal error complained of is the action of the trial court in directing the jury to render a verdict for the respondent. This action of the court was tantamount to directing a nonsuit against the appellant for failure of the proof to sustain the allegations of the complaint. (*McKay* v. *Montana Union Ry. Co.*, ante, p. 15; *Creek* v. *McManus*, ante, p. 152.) If there was such failure of proof the action of the court was not error. The evidence does not disclose wherein any particular skill was required on the part of appellant's colaborer to do the work he was employed in doing, or, if skill was necessary, wherein it was not exercised, or, if there was a lack of necessary skill, that the defendant had knowledge thereof, and that appellant was ignorant thereof. The evidence offered by plaintiff tends to show that he contributed to his own injury,

by disobeying orders not to use the pevee in the work he was doing. The evidence also tends to show that Harlander, on. account of whose incompetency and want of skill appellant claims he was injured, was not working with appellant at the time he fell. Harlander so swears. Witness Smith also testified that after appellant was hurt he stated that he alone was to be blamed; that he slipped and fell from the building. The evidence shows that the surgeons and physicians employed by respondent to treat appellant were duly licensed, qualified, and authorized, under the laws of this state, to practice their profession, and fails to show that appellant hurt his leg or sustained damage as a result of a want of skill or care on their part in the treatment of his wound. From this review of the evidence, we are unable to see how the court below could have done otherwise than to instruct the jury to find for the defendant, or direct a nonsuit on the close of the appellant's testimony. On the evidence, we are of opinion that appellant had shown no right to recover, or that there was any substantial merit in his cause.

Appellant also complains of the action of the court in permitting the cross-examination of the witness Harlander. Appellant placed the witness on the stand, and stated that "the witness would refer to the time and place Mr. Jorgenson fell for the purpose of fixing the time and place of other events in connection with the case, and does not wish to make the witness his witness as to the acts he was doing at the immediate time of the fall." The witness swore to facts contemporaneous with the fall of the appellant, so closely connected with the main fact that we think there was no error in permitting his being cross-examined as to the entire case, especially as he was the person to whose want of skill and care the appellant attributes his fall and injury.

The appellant also claims that the trial court erred in permitting defendant to amend its answer while the jury was being impaneled. It does not appear that appellant was surprised, or in any way injured or inconvenienced, by the amendment. No postponement or continuance of the cause was rendered necessary thereby, or demanded on account thereof, by appellant.

We are unable to see how appellant was aggrieved by this action of the trial court.

The appellant's deposition was read by his counsel in evidence at the trial, he not being present. Counsel for appellant did not, for some reason, desire to read the whole thereof to the jury. At the request of the defendant the court required the appellant's counsel to read the whole thereof. This is urged as error. Without inquiring whether this was error or not, it is apparent the appellant was not injured, as the part of the deposition the appellant sought to omit referred to the contract for nursing and medical treatment set up in the complaint, and the reading thereof to the jury could not possibly damage the appellant. We have been unable to discover any substantial errors in the rulings and action of the trial court in the trial of this cause. The case seems to us to be void of merit, on the appellant's own showing. The judgment of the court below is affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.