DORAIS, Respondent, v. DOLL et al., Defendants; FLEM-
ING, Administrator, Appellant.

(No. 2,188.)

(Submitted December 2, 1905.   Decided December 18, 1905.)

*Appeal—Review—Continuance—Administrators—Presentation
of Claims—Rejection—Trial—Evidence—Witnesses—Briefs—
Assignments of Error.*

Appeal—Amendments—Continuance—District Courts—Discretion.
　1.　Under Code of Civil Procedure, section 774, it was within the
court's discretion to permit an amendment to a complaint after the
cause had been called for trial, and deny a motion for postponement,
where it did not appear that movant was surprised by the presentation
of an issue which he was not prepared to meet, or that he did not meet
it with all the evidence available in any event; and, on appeal in the
absence of an affirmative showing of prejudice, the assignment of
error in this respect will be held without merit.

Administrators—Claims Against Estates—Affidavits.
　2.　A claim against an estate was supported by an affidavit closing
with the words ''to the knowledge of said claimant,'' instead of ''to
the knowledge of the affiant,'' the words used in section 2604 of the
Code of Civil Procedure. An objection was interposed that the claim
was not properly verified. *Held,* that when the claimant acts for him-
self, the word ''claimant'' in the affidavit accompanying the claim
meets all the requirements of the statute, and that it is only when some
one acts in behalf of the claimant that the statement must be ''to the
knowledge of the affiant.''

Same—Claims Against Estates—Founded on Written Instruments.
　3.　A claim against an estate is not ''founded on a bond, bill, note
or other instrument,'' within the meaning of Code of Civil Procedure,
section 2607, where it appears to be due upon an oral agreement, the
result of which is an account stated.

Same—Rejection of Claim—Indorsement.
　4.　The presentation of a claim against an estate at the office of the
attorney of the estate, in accordance with a published notice to cred-
itors, and the indorsement of the claim by the attorney, under the di-
rection of the administrator, as having been ''rejected,'' and signing
the administrator's name, sufficiently comply with Code of Civil Pro-
cedure, section 2606, which provides that when a claim is presented to ·
an executor or administrator, ''*he* must indorse thereon his allowance
or rejection.''

Trial—Assignment—Evidence—Rejection—Objection.
　5.　An objection to testimony of an assignment of a claim against an
estate, which went to *any* testimony as to the assignment, whereas the
purpose of counsel in making the objection was to exclude oral evidence
of it for the reason that it had been made in writing, was too broad,
since, by sustaining the objection as made, proof of the assignment
would have been impossible; while it would have been proper to limit
the effect of the evidence, counsel for appellant not having so re-
quested, he may not complain of the ruling as made.

Witnesses—Competency—Transactions with Decedents.
    6.  Under Act of 1897 (Session Laws, 1897, page 245), the assignee
    of a claim against an estate cannot be a witness in an action against
    the administrator to recover on the claim.
Trial—Witnesses—Reception of Evidence—Motion to Strike Out.
    7.  A motion to strike out the testimony of two witnesses is too broad,
    where the evidence of one of them was competent for a particular pur-
    pose.
Assignment—Evidence—Sufficiency—Findings.
    8.  Evidence of an oral assignment of a claim, to which no legal objec-
    tion was interposed, was sufficient to justify a finding that the assignee
    was the owner of the claim, though there was a written assignment
    which had been lost, and though the best evidence was not introduced.
Appeal—Briefs—Assignments of Error.
    9.  Errors not assigned in appellant's brief, in accordance with sub-
    division 3 of Rule X of the Rules of the Supreme Court, but only called
    to the court's attention on oral argument, will not be considered on
    appeal.

*Appeal from District Court, Silver Bow County; E. W.
Harney, Judge.*

ACTION by D. Dorais against George E. Doll and others.
From the judgment and an order denying him a new trial, de-
fendant Con. Fleming, administrator of the estate of T. P.
Fleming, deceased, appeals.  Affirmed.

*Mr. Charles O'Donnell,* for Appellant.

*Messrs. Kirk & Clinton,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

This action was commenced by one Louis Dupuis to recover
a balance alleged to be due upon a settlement between the
parties for ice sold and delivered by plaintiff to defendants.
At the time the transactions occurred out of which the con-
troversy arose, T. P. Fleming, with his codefendants George
E. Doll, T. E. Fitzgerald and W. O. Fisk, were dealing in ice
in the city of Butte, under the firm name of the "Consum-
ers' Pure Ice Company." During the pendency of the action,
Dupuis for value assigned his claim to Dorais, who was substi-
tuted as plaintiff in his stead. The three defendants, other

than Fleming, defaulted, and, judgment having been entered against them, the action proceeded against Fleming alone in the name of the assignee. In the meantime Fleming died, and the present defendant, his administrator, was substituted as defendant in the action. Amended and supplemental pleadings were filed to meet the changed relations of the parties. Upon a trial in the district court, plaintiff had judgment. This appeal is from the judgment and an order denying defendant a new trial.

The issue presented by the pleadings and tried by the district court was, whether the estate of T. P. Fleming is liable for the amount of plaintiff's claim, the administrator alleging that it grew out of dealings between Dupuis and the Consumers' Pure Ice Company prior to the time when T. P. Fleming became a copartner.

Error is assigned upon the action of the district court in refusing to grant the defendant a postponement of the trial, in admitting evidence, and in submitting certain instructions to the jury. Contention is also made that the evidence is insufficient to sustain the verdict.

1. When the cause was called for trial the plaintiff, by leave of court, filed an amendment to the complaint, by which he incorporated therein the necessary allegation (Code of Civil Procedure, sections 2604, 2612), that his claim had been presented to the administrator of Fleming for allowance within the time prescribed by law, and had been by him rejected. (Code of Civil Proc., sec. 2604.) Counsel for defendant moved for a postponement of the trial for twenty days to enable him to prepare an amended answer. The ground alleged was surprise; but counsel, though asked by the court to show wherein he was taken by surprise, declined to do so. Thereupon the court overruled the motion, but postponed further hearing until the opening of the afternoon session, when the trial proceeded. Defendant alleges prejudicial error.

Under section 774 of the Code of Civil Procedure the court had discretionary power to permit the amendment under such

terms as it deemed just and proper. This it did. It does not appear that defendant was surprised by the presentation of an issue which he could not meet, or that he did not meet it with all the evidence available in any event. In the absence of an affirmative showing of an abuse of discretion by which prejudice was suffered, the assignment must be held to be without merit. (*Jorgenson* v. *Butte etc. Co.*, 13 Mont. 288, 34 Pac. 37; *Montana Ore Pur. Co.* v. *Boston etc. Min. Co.*, 27 Mont. 288, 70 Pac. 1114; *Christiansen* v. *Aldrich*, 30 Mont. 446, 76 Pac. 1007.)

2. For the purpose of showing that his claim had been presented to the administrator and rejected by him, the plaintiff, over objection of defendant, was permitted to introduce with other evidence the original claim found in the files of the district court in the matter of the estate of T. P. Fleming, with the indorsements thereon. The objections made were that the claim was not properly verified by affidavit, that there was not attached to it a copy of the instrument upon which it was founded, and that it did not appear therefrom that it had been rejected. Error is alleged in this regard.

The claim as presented to the administrator was supported by the affidavits of both Dupuis and Dorais. The affidavit of Dorais was in the form and effect such as is required by section 2604, *supra*, except that it closed with the words "to the knowledge of said claimant," instead of "to the knowledge of the affiant," the words used in the statute. This section permits a claim to be presented by the claimant himself, or by some one in his behalf. When presented by another in his behalf, the accompanying affidavit must set forth the reason why the claim is so presented. In such a case the statements must be to the knowledge of the "affiant." But when the claimant acts for himself, the term "*claimant*" meets all the requirements of the statute, for the affiant and the claimant are one and the same person. The affidavit in question was sufficient. But, to make the matter doubly sure, the claim had the affidavit of Dupuis attached also. To this extent the plaintiff went further than the statute requires, in the absence of a demand by the adminis-

trator of satisfactory vouchers or other proofs in support of the claim under the provisions of section 2604, *supra*. It does not appear that any such demand was made in this instance.

The cause of action stated in the complaint is for a balance due on a settlement between Dupuis and the Consumers' Pure Ice Company, a copartnership consisting of T. P. Fleming and others. The evidence shows that in December, 1899, and February, 1900, the firm—Fleming not then being a member—had entered into written contracts with Dupuis for the sale and delivery of ice; that after delivery to the amount of three thousand two hundred and thirty-nine and one-half tons, these contracts were abandoned, and upon a settlement—not under the terms of the contract, but by way of a compromise by which Dupuis agreed to take less for the amount delivered than he would have been entitled to otherwise—the amount agreed upon as due was $2,205. It was then orally agreed that this amount should be paid, one-third in March, one-third on May 1st, and the balance on July 1, 1900. The claim thus appears to have been due, not upon the contracts or either of them, but upon the oral agreement, the result of which was an account stated. Such being the case, the claim was not "founded on a bond, bill, note or other instrument," within the meaning of section 2607 of the Code of Civil Procedure, which appellant cites.

Touching the rejection of the claim, it appears that it was presented within the required time, at the office of the attorney of the administrator in accordance with the requirements of the published notice to creditors. The attorney, under the direction of the administrator, indorsed the claim "rejected," and signed the administrator's name. This was a sufficient compliance with the statute. (Code of Civil Proc., sec. 2606.) But, even if the administrator had neglected to indorse it at all, the plaintiff had his option, after the lapse of ten days from the date of presentation, to regard such negligence as a rejection and to proceed accordingly.

Contention is made that the court erred in overruling the defendant's objection to the testimony of one Martin Johnson touching the assignment of the claim by Dupuis to Dorais. This witness testified to a conversation had by Dorais, Fleming and Dupuis in his presence, in which it was agreed that since Dupuis was indebted to Dorais, Fleming might pay to Dorais the amount due to Dupuis from the firm. Fleming agreed for the firm to do this. The objection was: "We object to any testimony being given as to this assignment of this account from Louis Dupuis to D. Dorais." If the court had sustained this objection, the case would have been at an end. The fact that the assignment had been made was put in issue in the pleadings; for it was alleged in the complaint and denied in the answer, and it would have been impossible to prove it whether made orally or in writing. Even if a written assignment had been produced, it would have been necessary to prove its execution by the testimony of some one, before it could have been introduced. The purpose of counsel in making the objection, as appears elsewhere in the record, was to exclude oral evidence of the assignment, for the reason that it had been made in writing. The objection was too broad. The evidence was competent in any event to show an admission of indebtedness by Fleming, and for this reason it should not have been excluded altogether. It would have been proper to limit the effect of the evidence, either by a ruling made at the time or by a suitable instruction submitted to the jury, had counsel so requested. But, as counsel made no such request, he may not be heard to allege error upon the ruling.

Later a motion was made to strike out this testimony of Johnson, and that of D. Dorais upon the same subject, the ground of the motion being in effect the same as that of the objection to the testimony of Johnson. The evidence of Dorais was clearly incompetent, because, being plaintiff in the case as assignee of the claim against the estate, he could not be a witness in the action against the administrator. Even a general objection to his testimony would have been sufficient to exclude it. (Session Laws 1897, p. 245.) But the motion was too broad,

since it included all the evidence of both witnesses. Such being the case and the evidence of Johnson being competent for one purpose, the court was not in error in denying it.

3. The criticism of the instructions made by counsel have to do rather with the sufficiency of the evidence to go to the jury, than with their correctness as propositions of the law applicable to the case. It is not necessary to discuss them further than to remark that, though brief, they fairly submitted the case to the jury upon the issue tried.

4. The evidence was sufficient to go to the jury, though to establish the assignment of the claim in suit by Dupuis to Dorais, the plaintiff did not present the best evidence. The assignment was in writing, but the writing had been lost. This was clearly established. Instead of offering evidence of its contents the plaintiff relied upon the testimony of Johnson and Dorais as to the agreement made by Fleming, Dorais and Dupuis heretofore referred to, and the affidavit of Dupuis attached to the claim presented to the administrator for allowance, in which, besides deposing to the matter required by the statute, Dupuis swore that the claim belonged to Dorais. This evidence was before the jury without legal objection or limitation as to its office in the case, and was sufficient to justify a finding for plaintiff of the fact that he is the owner of the claim.

5. The point was made in the oral argument that the judgment is not in accordance with the verdict of the jury. This point is also argued somewhat in the brief. The contention made is that the verdict of the jury was for $1,470, without interest, while the court entered judgment for this sum, together with interest from April 23, 1902, at the rate of eight per cent per annum, thus increasing the verdict of the jury without warrant of law to $1,699. This point is disposed of by the remark that the error, if it be such, is not assigned in the brief in compliance with the requirement of subdivision 3 of Rule X of the Rules of this court, and may not be considered.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.